UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

CLARENCE OTWORTH,   Case No. 1:19-cv-621
            HON. PAUL L. MALONEY
    Plaintiff,

v.

TONY MOULATSIOTIS, et al.,

    Defendants.

---

| | |
|---|---|
| Clarence Otworth | Allan C. Vander Laan (P33893) |
| Plaintiff in pro per | Bradley C. Yanalunas (P80528) |
| 187 East Daniels Road | Cummings, McClorey, Davis & Acho, P.L.C. |
| Twin Lake, MI 49457 | Attorneys for Defts. Moulatsiotis, Moss and |
| Ph: (231) 292-1205 | Muskegon County |
| | 2851 Charlevoix Dr., SE, Ste. 327 |
| Kyla Barranco (P81082) | Grand Rapids, MI 49546 |
| Assistant Attorney General | Ph: (616) 975-7470 |
| Michigan Dept. of Attorney General | avanderlaan@cmda-law.com |
| Attorney for Samantha Reasner | byanalunas@cmda-law.com |
| 525 W. Ottawa St. | |
| Lansing, MI 48909-8254 | |
| Ph: (517) 373-1162 | |
| barrancok@michigan.gov | |

---

**BRIEF IN SUPPORT OF
MOTION BY DEFENDANTS MOULATSIOTIS, MOSS AND MUSKEGON COUNTY
SEEKING DISMISSAL UNDER FED. R. CIV. P. 12(b)(6)**

## **TABLE OF CONTENTS**

Table of Authorities ..................................................................................................ii

Questions Presented................................................................................................iii

Most Controlling Authority .....................................................................................iv

Statement of Facts ................................................................................................... 1

Standard of Review ................................................................................................. 4

Argument................................................................................................................. 5

I.   PLAINTIFF OTWORTH'S CLAIMS ARE ALL DEFEATED BY THE DEFENSE
     OF COLLATERAL ESTOPPEL............................................................................... 5

II.  TREASURER MOULATSIOTIS AND ASSESSOR MOSS HAVE "QUALIFIED
     IMMUNITY" AGAINST PLAINTIFF OTWORTH'S CLAIMS ..................................... 7

Conclusion and Relief Requested ............................................................................ 9

## **TABLE OF AUTHORITIES**

**Cases**

*Allen v. McCurry*, 449 U.S. 90 (1980) ................................................................... 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................... 4

*Ashe v. Swenson*, 397 U.S. 436 (1970) .................................................................. 5

*Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839 (6th Cir. 2006) .............................. 4

*Georgia-Pacific Consumer Products LP v. Four-U-Packaging, Inc.*,
701 F.3d 1093 (6th Cir. 2012) ................................................................................ 5

*Harlow v. Fitzgerald*, 257 U.S. 800 (1982) ............................................................. 7

*Jones v. Bock*, 549 U.S. 199 (2007) ....................................................................... 4

*Livermore ex rel. Rohm v. Lubelan*, 476 F.3d 397 (6th Cir. 2007) ............................ 7

*Mullenix v. Luna*, ___ U.S. ___, 136 S. Ct. 305 (2015) ......................................... 7

*Otworth v. Budnik*, 594 Fed. Appx. 859 (6th Cir. 2014) ................................. 2, 6, 8

*Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67 (2nd Cir. 1999) ....................... 4

*Pearson v. Callahan*, 555 U.S. 223 (2009) ............................................................. 7

*Riverview Health Institute LLC v. Medical Mutual of Ohio*,
601 F.3d 505 (6th Cir. 2010) ................................................................................. 4

*Stuart v. School Dist. No. 1 of Village of Kalamazoo*, 30 Mich. 69 (1874) ............... 2

*Sumpter v. Wayne County*, 868 F.3d 473 (6th Cir. 2017) ....................................... 7

**Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 4, 6

# QUESTIONS PRESENTED

I.  DOES THE "COLLATERAL ESTOPPEL" EFFECT OF A PRIOR JUDGMENT AGAINST PLAINTIFF OTWORTH MANDATE DISMISSAL OF OTWORTH'S CLAIMS AGAINST DEFENDANTS MOULATSIOTIS. MOSS AND MUSKEGON COUNTY?

   Plaintiff Otworth will answer: "No."

   Defendants Moulatsiotis, Moss and Muskegon County answer: "Yes."

II. ARE DEFENDANTS MOULATSIOTIS AND MOSS ENTITLED TO "QUALIFIED IMMUNITY" AGAINST PLAINTIFF OTWORTH'S CLAIMS?

   Plaintiff Otworth will answer: "No."

   Defendants Moulatsiotis, Moss and Muskegon County answer: "Yes."

# MOST CONTROLLING AUTHORITY

***Otworth v. Budnik***, 594 Fed. Appx. 859 (6th Cir. 2014) ...................................... 2, 6, 8

## STATEMENT OF FACTS

Plaintiff Clarence Otworth seemingly files this case against the Defendants Tony Moulatsiotis and Cheryl Moss as an afterthought.  Otworth previously filed a Complaint (*pending before Robert J. Jonker, Case No. 1:19-cv-55*) against a host of Defendants - - including Muskegon County, the Muskegon County "Board of Supervisors," the Muskegon County "Board of Commissioners" and Muskegon County Prosecutor D.J. Hillson - - based on substantively identical allegations.  Now Otworth sues the Muskegon County Treasurer, Tony Moulatsiotis, Assessor Cheryl Moss and (again) Muskegon County.

Otworth contends that Michigan's Home Rule Village Act of 1909 stripped Michigan counties of the authority to "compulsorily incorporate" new villages within county boundaries, but that Muskegon County illegally presumed to incorporate the Village of Lakewood Club in 1967, despite lack of authority to do so.  **(ECF No. 15, Pg ID 59-60, Amended Complaint, ¶¶ 16-18)**.  Plaintiff Otworth's foundational allegation is that the Village of Lakewood Club and Dalton Township are "not incorporated" and, therefore, neither the Village, nor the Township, nor Muskegon County, can assess and collect property taxes on Plaintiff Otworth's property.  **(ECF No. 15, Pg ID 59-62, Amended Complaint, ¶¶ 16-40, particularly ¶¶ 37-40)**.

On this foundation, Otworth asserts that Muskegon County Treasurer Moulatsiotis committed the "crimes" (i.e., conspiracy, false billing, pre-medicated fraud, mail fraud, extortion and grand larceny) by billing Otworth for property taxes and threatening foreclosure of Otworth's property.  **(ECF No. 15, Pg ID 62, Amended Complaint, ¶¶ 42-46, 50)**.  Otworth accuses Assessor Moss of assessing "phony property taxes."  **(ECF No. 15, Pg ID 65, Amended Complaint, ¶ 75)**. Because Moulatsiotis and Moss committed

these supposed offenses in conjunction with the other Defendants (Village, Township and State officials), Moulatsiotis and Moss alleged to have engaged in "*racketeering*" for which Plaintiff Otworth claims entitlement to "*treble damages*" under the federal RICO statute. **(ECF No. 15, Pg ID 58, 62, 165 Amended Complaint, ¶¶ 3, 48, 74)**.

Notably, there is no indication of any predicate offenses on the part of Muskegon County as an entity, per se.  Rather, Plaintiff Otworth alleges only that the County is "*a corrupt government*" that "*doesn't care if an unincorporated organization pretends to be an incorporated municipality and extorts property taxes.*"   **(ECF No. 15, Pg ID 65, Amended Complaint, ¶ 78)**.

But the fundamental premise upon which all of Plaintiff Otworth's claims depend - - i.e., that the Village of Lakewood Club is not properly incorporated and cannot charge property taxes - - has already been addressed and rejected by the United States Court of Appeals for the Sixth Circuit.  Confronting a prior case by Otworth presenting the same RICO/"fraud" claims as here, the Sixth Circuit declared that "*[o]f all the tax avoidance schemes, this case almost certainly involves one of the strangest.*"  **Otworth v. Budnik**, 594 Fed. Appx. 859, 860 (6th Cir. 2014).  The Court swept away Otworth's claims by negating his foundational premise regarding the supposed invalidity of the incorporation of the Village of Lakewood Club.  In the words of the Sixth Circuit, "*regardless of any alleged irregularities in Lakewood Club's initial incorporation, Otworth cannot now challenge its existence, because the community's residents and the State of Michigan have acquiesced in its existence for decades.*"  **Id.**, at 862, citing **Stuart v. School Dist. No. 1 of Village of Kalamazoo**, 30 Mich. 69, 72-73 (1874).

The only new twist in Otworth's tax avoidance scheme is the added allegation that Dalton Township, like the Village of Lakewood Club, is not validly incorporated.  **(ECF No. 15, Pg ID 60-61, Amended Complaint, ¶¶ 26-30, 37, 39)**.  This allegation necessarily fails for the same reasons stated by the Sixth Circuit with regard to the Village of Lakewood Club.

In light of the prior ruling by the Sixth Circuit, Plaintiff Otworth's filing of the present case fails to state a cognizable claim.  Otworth's filing of his Complaint is a sanctionable action in defiance of the prior rulings of the courts.  According to Otworth, the allegedly invalid incorporation of Lakewood Club occurred after residents made observations regarding the circumstances of Dalton Township.  **(ECF No. 15, Pg ID 60-61, First Amended Complaint, ¶¶ 31-32)**.  Thus, even assuming the incorporation of the Township to be invalid, there has been acquiescence to its existence by the community for a period of time even longer than for the Village of Lakewood Club.

## **STANDARD OF REVIEW**

A plaintiff has the burden to plead a plausible claim. ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009). "A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is designed to test the sufficiency of a complaint." ***Riverview Health Institute LLC v. Medical Mutual of Ohio***, 601 F.3d 505, 512 (6th Cir. 2010). "[D]ismissal pursuant to Rule 12(b)(6) will be granted if the facts as alleged are insufficient to state a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." ***Id***. "Immunity" is among these affirmative defenses. ***Jones v. Bock***, 549 U.S. 199, 215 (2007), citing ***Pani v. Empire Blue Cross Blue Shield***, 152 F.3d 67 (2nd Cir. 1999). Collateral estoppel is among these defenses as well. ***Evans v. Pearson Enterprises, Inc.***, 434 F.3d 839, 843 (6th Cir. 2006).

**ARGUMENT**

I. **PLAINTIFF OTWORTH'S CLAIMS ARE ALL DEFEATED BY THE DEFENSE OF COLLATERAL ESTOPPEL.**

The Supreme Court has described collateral estoppel as "an extremely important principle in our adversary system of justice." ***Ashe v. Swenson***, 397 U.S. 436, 443 (1970). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case." ***Allen v. McCurry***, 449 U.S. 90, 94 (1980). It does not matter that the opposing party in the subsequent case was not a party in the first case. Any requirement for "mutuality" of estoppel has been discarded. ***Id.***, at 94-5. "Mutuality between the parties is not required in defensive collateral estoppel cases so long as the plaintiff has had a full and fair opportunity to litigate the contested issue previously." ***Georgia-Pacific Consumer Products LP v. Four-U-Packaging, Inc.***, 701 F.3d 1093, 1098-9 (6th Cir. 2012).

The foundational allegation underlaying all of Plaintiff Otworth's claims is that the Village of Lakewood Club and Dalton Township cannot assess and collect property taxes, because the Village and Township were never validly incorporated. Therefore, according to Plaintiff Otworth, actions by Muskegon County Treasurer Moulatsiotis to effectuate the collection of such taxes constituted "crimes" which serve as the predicate offenses for Otworth's supposed claim under the Racketeer Influenced and Corrupt Organization Act (RICO). **(ECF No. 15, Pg ID 62, Amended Complaint, ¶¶ 41-50)**. Otworth simply accuses Assessor Moss of assessing "phony property taxes." **(ECF No. 15, Pg ID 65, Amended Complaint, ¶ 75)**.

But in prior litigation by Otworth, the Sixth Circuit has dispositively rejected his foundational allegation that the Village of Lakeview Club was not validly incorporated. By operation of Michigan law, the incorporation has been rendered *de facto* valid by acquiescence of the Village community. ***Otworth v. Budnik***, 594 Fed. Appx. 859, 862 (6th Cir. 2014). The Sixth Circuit recognized Otworth's contentions as a "*tax avoidance scheme*."

Necessarily, this same reasoning regarding "acquiescence" under Michigan law applies to Dalton Township as well. Indeed, by Plaintiff Otworth's allegations, the supposedly invalid incorporation of the Village of Lakewood Club occurred when the would-be residents of the Village "*took notice*" of the circumstances of "*Dalton Township*." **(ECF No. 15, Pg ID 60-61, First Amended Complaint, ¶ 31)**. Otworth thus acknowledges that community acquiescence in the existence of the Township pre-existed community acquiescence in the existence of the Village.

By its opinion in ***Otworth v. Budnik***, the Sixth Circuit has conclusively decided the "incorporation" issue adversely to Otworth, in a context where Otworth had full and fair opportunity to litigate that issue. Indeed, as here, the "incorporation" contention was the foundation for all of Otworth's claims in that prior litigation.

Because Otworth is collaterally estopped from asserting the contention that underlays all of his claims in the present case, he has failed to state a cognizable claim under the RICO Act (or under any other theory he might choose to use). The Defendants are entitled to dismissal of Plaintiff Otworth's complaint in its entirety under Fed. R. Civ. P. 12(b)(6).

## II.   TREASURER MOULATSIOTIS HAS "QUALIFIED IMMUNITY" AGAINST PLAINTIFF OTWORTH'S CLAIMS.

"[G]overnment officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." ***Harlow v. Fitzgerald***, 257 U.S. 800, 818 (1982).  "When a defendant raises the defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity."  ***Livermore ex rel. Rohm v. Lubelan***, 476 F.3d 397, 403 (6th Cir. 2007).

The question of a government official's qualified immunity invokes a two-pronged inquiry.  Under the first prong, the court must decide "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right."  ***Pearson v. Callahan***, 555 U.S. 223, 232 (2009).  Under the second prong, the court must also decide "whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct."  ***Id***.  "A plaintiff must satisfy both inquiries in order to defeat the assertion of qualified immunity."  ***Sumpter v. Wayne County***, 868 F.3d 473, 480 (6th Cir. 2017).

In this context, a right is "clearly established" only where the existing case law precedence demonstrate the existence of the right to be "beyond dispute," such that "every reasonable officer would have understood that what he is doing violates that right." ***Mullenix v. Luna***, ___ U.S. ___, 136 S. Ct. 305, 308 (2015).  Moreover, qualified immunity "covers mistakes in judgment, whether the mistake is one of fact or one of law." ***Pearson***, 555 U.S. at 231.

The only basis for Plaintiff Otworth's accusations against Treasurer Moulatsiotis and Assesesor Moss is, again, the foundational allegation that the Village of Lakeview Club and Dalton Township are not validly incorporated and cannot assess or collect property taxes. Because this foundational allegation is defeated by the prior determination of the Sixth Circuit in **Otworth v. Budnik**, *supra*, there is no basis to consider any actions by Treasurer Moulatsiotis to be "crimes" upon which a RICO claim (or any other) could be predicated. Therefore, Treasurer Moulatsiotis and Assessor Moss have not violated any clearly established legal rights of Plaintiff Otworth under federal law. This entitles Moulatsiotis and Moss to "qualified immunity" against the claims asserted in Plaintiff Otworth's complaint.

## **CONCLUSION AND RELIEF REQUESTED**

For the reasons described above, Defendants Tony Moulatsiotis, Cheryl Moss and Muskegon County are entitled to dismissal of Plaintiff Otworth's complaint. These Defendants ask this Court to enter an order under Fed. R. Civ. P. 12(b)(6), dismissing Plaintiff Otworth's complaint against them in its entirety and with prejudice.

        Respectfully submitted,

        CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

        <u>/s/ Allan C. Vander Laan</u>
        Allan C. Vander Laan (P33893)
        Bradley C. Yanalunas (P80528)
        Attorneys for Defendants
        Cummings, McClorey, Davis & Acho. P.L.C.
        2851 Charlevoix Drive, SE, Ste. 327
        Grand Rapids, MI 49546
        616/975-7470

Dated: August 28, 2019