UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

CLARENCE OTWORTH,

    Plaintiff,

v.

TONY MOULATSIOTIS, et al.,

    Defendants.

Case No. 1:19-cv-000621
HON. PAUL L. MALONEY
MAGISTRATE JUDGE RAY KENT

---

Clarence Otworth
Plaintiff in pro per
187 East Daniels Road
Twin Lake, MI 49457
Ph: (231) 292-1205

Kyla Barranco (P81082)
Assistant Attorney General
Michigan Dept. of Attorney General
Attorney for Samantha Reasner
525 W. Ottawa St.
Lansing, MI 48909-8254
Ph: (517) 373-1162
barrancok@michigan.gov

Allan C. Vander Laan (P33893)
Bradley C. Yanalunas (P80528)
Cummings, McClorey, Davis & Acho, P.L.C.
Attorneys for Defs. Moulatsiotis, Moss and Muskegon County
2851 Charlevoix Dr., SE, Ste., 327
Grand rapids, MI 49546
Ph: (616) 975-7470
avanderlaan@cmda-law.com
byanalunas@cmda-law.com

---

**BRIEF IN SUPPORT OF
MOTION BY DEFENDANTS MOULATSIOTIS, MOSS AND
MUSKEGON COUNTY SEEKING SANCTIONS AGAINST PLAINTIFF
OTWORTH UNDER FED. R. CIV. P. 11(c)**

## **TABLE OF CONTENTS**

Table of Authorities ................................................................................................. ii

Issue Presented ..................................................................................................... iii

Most Controlling Authority ..................................................................................... iv

Statement of Facts ................................................................................................. 1

Standard of Review ................................................................................................ 3

Argument ................................................................................................................ 4

Conclusion and Relief Requested .......................................................................... 7

## **TABLE OF AUTHORITIES**

### **Cases**

*Allen v. McCurry*, 449 U.S. 90 (1980) ............................................................................... 5

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) ......................................... 3, 4

*Georgia-Pacific Consumer Products LP v. Four-U-Packaging, Inc.*,
701 F.3d 1093 (6th Cir. 2012) ............................................................................. 5

*Jones v. Illinois Central R. Co.*, 617 F.3d 843 (6th Cir. 2010) ................................... 3

*McNeil v. United States*, 508 U.S. 106 (1993) ............................................................ 4

*Otworth v. Budnik*, 549 Fed. Appx. 859 (2014) ................................................. 1, 4, 5

*Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997) ......................................... 4

### **Rule**

Fed. R. Civ. P. 11 ........................................................................................... 2, 3, 7

Fed. R. Civ. P. 11(b) ............................................................................................... 4

Fed. R. Civ. P. 11(c)(1) ........................................................................................... 4

Fed. R. Civ. P. 11(c)(4) ........................................................................................... 4

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 4

## **ISSUE PRESENTED**

I. WHERE PLAINTIFF OTWORTH PREDICATES THIS CASE UPON A CONTENTION THAT OTWORTH SHOULD KNOW IS COLLATERALLY ESTOPPED BY PRIOR JUDGMENTS AGAINST HIM, **SHOULD PLAINTIFF OTWORTH BE SUBJECTED TO SANCTION UNDER FED. R. CIV. P. 11(c)**?

Plaintiff Otworth will answer: "No."

Defendants Moulatsiotis, Moss and Muskegon County answer: "Yes."

## MOST CONTROLLING AUTHORITY

***Otworth v. Budnik***, 594 Fed. Appx. 859 (6th Cir. 2014) ....................................... 2, 4, 5

### **Rule**

Fed. R. Cv. P. 11................................................................................................ 2, 3, 7

## STATEMENT OF FACTS

In February 2013, Plaintiff Clarence Otworth filed suit against officials of Dalton Township and the Village of Lakewood Club (notably including Lisa Swanson). That 2013 case asserted RICO Act claims against the defendants predicated upon supposed "fraud" in the form of assessing and billing Otworth for property taxes on behalf of the Village of Lakewood Club. The foundation for these claims was the allegation by Otworth that the Village of Lakewood Club is not validly "incorporated" and cannot assess and collect property taxes.

Judge Janet T. Neff dismissed Otworth's 2013 case. The United States Court of Appeals for the Sixth Circuit affirmed the dismissal, stating that:

> [R]egardless of any alleged irregularities in Lakewood Club's initial incorporation, Otworth cannot now challenge its existence, because the community's residents and the State of Michigan have acquiesced in its existence for decades.

***Otworth v. Budnik***, 594 Fed. Appx. 859, 862 (2014).

In January of this year, Otworth filed a new case against Fifth Third Bank and other defendants, including Muskegon County, the Muskegon County Board of Commissioners (and/or Supervisors) and Muskegon County Prosecutor D.J. Hilson. **(Ex A and Ex B: Complaint and Amended Complaint, Case No. 1:19-cv-55)**. Otworth then filed the present case against Muskegon County and the County Treasurer Moulatsiotis and Assessor Moss.

Critically, the foundational allegation for the claims in this case (*and in the January case pending before Judge Jonker*) is the same contention regarding the supposedly invalid incorporation of the Village of Lakewood Club that was dispositively rejected by this Court and the Sixth Circuit in ***Otworth v. Budnik***, *supra*. Otworth is certainly aware

of the Sixth Circuit ruling in his 2013 case. As explained in the argument that follows, Otworth's filing of the present suit was violative of Fed. R. Civ. P. 11, and Otworth should be sanctioned as a deterrent to such filings.

## **STANDARD OF REVIEW**

Decisions to award sanctions under Fed. R. Civ. P. 11 is a matter entrusted to the discretionary determination of the district courts. *Jones v. Illinois Central R. Co.*, 617, F.3d 843, 850 (6th Cir. 2010), *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

**ARGUMENT**

The mandate of Fed. R. Civ. P. 11(b) is that an attorney *or* "unrepresented party" filing a pleading, motion or other paper in court "certifies" that the document (1) is not submitted for an improper purpose, (2) is warranted by existing law and (3) is based upon facts that have evidentiary support. "[L]itigants may be sanctioned . . . for continuing to insist upon a position that is no longer tenable." ***Ridder v. City of Springfield***, 109 F.3d 288, 293 (6th Cir. 1997).

If the court determines that this rule has been violated, the court may impose an "appropriate sanction" on a party who violated the rule. Fed. R. Civ. P. 11(c)(1). The express purpose of the rule is "to deter repetition of the conduct," and the sanction may require the offending party to pay the movant's "reasonable attorney fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). But the award must be substantial enough to effect "to the Rule's central goal of deterrence." ***Cooter & Gell v. Hartmarx Corp.***, 496 U.S. 384, 393 (1990).

Pro se litigants remain obligated to follow the court rules. ***McNeil v. United States***, 508 U.S. 106, 113 (1993). Rule 11 makes this particularly explicit by imposing its mandate upon an attorney or "unrepresented party." Fed. R. Civ. P. 11(b).

Plaintiff Otworth has predicated his claims in this case upon the same foundational allegation that was rejected by this Court and the Sixth Circuit in **Otworth v. Budnik**, as described above. Otworth's filing of the present case is a brazen defiance of those prior judgments. This defiance has resulted in unjustified expense to Defendants.

As described more fully in a pending motion by Defendants Moulatsiotis, Moss and Muskegon County seeking dismissal under Fed. R. Civ. P. 12(b)(6), Plaintiff Otworth is

collaterally estopped by the prior holding of the Sixth Circuit from asserting against these Defendants any claims based upon the allegation that the Village of Lakewood Club was not properly incorporated.  *Georgia-Pacific Consumer Products LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098-9 (6th Cir. 2012), *Allen v. McCurry*, 449 U.S. 90, 94-5 (1980).

Although the prior decision by the Sixth Circuit did not expressly encompass the incorporation of Dalton Township, Otworth's own allegations demonstrate the necessity of the same legal conclusion.  Whether initially valid or not, Lakewood Club must be deemed capable of assessing taxes due to long-standing acquiescence in its existence.  According to Plaintiff Otworth's allegations, Dalton Township was already recognized as a township by the community, before Lakewood Club was recognized as a village.  **(ECF No. 15, PageID.60-61, First Amended Complaint, ¶¶ 31-32)**.  Dalton Township is encompassed by the same principles of acquiescence as Lakewood Club. Therefore, although collateral estoppel does not technically apply with regard to Otworth's allegations regarding Dalton Township (as distinct from the Village of Lakewood Club), Plaintiff Otworth could not reasonably have believed his challenge to the validity of the township's incorporation to be sustainable.

It was the obligation of Plaintiff Otworth to research the legal impact of the Sixth Circuit's prior ruling against him, before filing new litigation based upon the allegation rejected in his prior case.  Otworth has violated this mandate of Rule 11.

Significant sanction is needed if deterrence is to be accomplished.  Defendants Moulatsiotis, Moss and Muskegon County specifically note that Lisa Swanson was named as a defendant in the *Otworth v. Budnik* case and is also a defendant in the currently

pending case before Judge Jonker, as well as the present case. She has been sued three times. Plaintiff Otworth obviously feels he can repeatedly assert the same baseless claim against the same party over and over again. A sanction sufficient to accomplish Rule 11's "central goal of deterrence" is needed. Therefore, Defendants Moulatsiotis, Moss and Muskegon County ask this Court for an award of sanctions against Plaintiff Otworth under Rule 11 in the amount of $5,000.00.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, Defendants Tony Moulatsiotis, Cheryl Moss and Muskegon County ask this Court for an award of sanctions under Fed. R. Civ. P. 11 in the amount of $5,000.00.

        Respectfully submitted,

        CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

        /s/ Allan C. Vander Laan
        Allan C. Vander Laan (P33893)
        Bradley C. Yanalunas (P80528)
        Attorneys for Defendants
        Cummings, McClorey, Davis & Acho. P.L.C.
        2851 Charlevoix Drive, SE, Ste. 327
        Grand Rapids, MI 49546
        616/975-7470

Dated: September 19, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2019, I electronically filed the foregoing Motion Seeking Sanctions, Brief in Support, Certificate of Concurrence, and Certificate of Compliance with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

Clarence Otworth
187 East Daniels Road
Twin Lake MI  49457

        /s/ Allan C. Vander Laan
        Allan C. Vander Laan