**FILED - GR**
October 17, 2019 11:46 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _ns_ Scanned: JW / 10-17-19

UNITED STATES DISTICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE OTWORTH,

    Plaintiff,

V.

TONY MOULATSIOTIS,
LISA SWANSON,
TAMMY STEPHENSON,
JESSICA KIDDER,
SHERYL MOSS,
DANA NESSELL
SAMANTHA REASNER,
GRETCHEN WHITMER,
MUSKEGON COUNTY
VILLAGE OF LAKEWOOD CLUB,
DALTON TOWNSHIP,

    Defendants.
_____/

CASE NO. 1:19-CV-621

PAUL LEWIS MALONEY
United States District Judge

MAG. RAYMOND KENT **RECUSED**

## PLAINTIFF'S BRIEF
## IN SUPPORT OF HIS MOTION FOR MONETARY
## SANCTIONS OF $10,000 UPON ALLAN C, VANDER LAAN (P33893)

There are five types of municipalities in Michigan:

1. Mayor Council

2. Manager Council

3. Charter Township

4. General Law Township

5. Villages

None of these municipalities can levy taxes without the approval of a majority of the township population. Dalton Township rejected the plaintiff's suggestion that its name be placed on a ballot as to whether or not the township population wanted to incorporate Dalton Township, because it knew the qualified electors would vote against incorporation. Dalton Township is not incorporated, so it is NOT a General Law Township Municipality! Likewise, the Village of Lakewood Club refused to place its name on a ballot so

Page 1

the township population could vote as to whether or not it wanted to incorporate the village, so it is NOT a Municipality, and only Municipalities have the authority of a local government to enact zoning ordinances, levy and collect property taxes, and receive a share of Michigan's tax revenue. Muskegon County is an example of a local government. "Michigan municipalities are governments of **incorporated** villages and townships". The definition of municipalities by Merriam-Webster is this: "A city, town, or other district **possessing corporate existence** usually its own". The definition of municipalities by the Free Press is this: "A city, town, or village, **incorporated** for local self-government". The Village of Lakewood Club is not a municipality because it is not incorporated. The Township of Dalton is not a municipality because it is not incorporated. The Village of Lakewood Club has been successfully pretending to be a municipality for 52 years by alleging it was incorporated on June 28, 1967, by the Muskegon County Board of Supervisors. That was a **HOAX**! A **RUSE**! A **MALICIOUS DECEPTION**! Compulsory incorporations have been unconstitutional since September 1, 1909, because Chapter 1, of the General Law Village Act, PA 3 of 1895, was superseded as to new incorporations by the Home Rule Village Act, PA 278 of 1909. The very instant that the Home Rule Village Act became effected every County Board of Supervisors in Michigan lost their authority to incorporate villages, because the Home Rule Village Act requires an election to be held on the question of incorporation by the qualified electors affected by a proposed incorporation. In 2001, 34-years after successfully pulling off their **FRAUDLENT INCORPORATION PLAN/SCAM** on June 28, 1967, the Village of Lakewood Club enacted an ordinance that prohibited land owners from building a house similar to any house in their neighborhood. The plaintiff took issue with that ordinance, and filed a lawsuit in this district court. During the procedure of discovery, he was surprised to learn that the Village of Lakewood Club was **NOT INCORPORATED,** because it was unlawfully compulsorily incorporated in violation of the Home Rule Village Act, instead of being actually incorporated by an election on the question of incorporation as required by the Home Rule Village Act. This district court refused to decide the issue of whether or not the Village of Lakewood Club was incorporated, and refused to allow the plaintiff to have the Michigan Supreme Court decide the issue of whether or not the Village of Lakewood Club was incorporated, and immediately dismissed the plaintiff's lawsuit for allegedly

failing to state a claim upon which relief may be granted. Soon thereafter, the plaintiff filed a lawsuit against Allan E. Vanderploeg and Harry J. Knudsen, the ring leaders of the Village of Lakewood Club incorporation fraud. The court prevented discovery by dismissing the plaintiff's lawsuit with the same failure to state a claim upon which relief may be granted nonsense. Every lawsuit thereafter was dismissed for the same excuse to prevent discovery. In 2011, the plaintiff tried to obtain an opportunity for discovery in the Muskegon County small claims court, but Shon Anne Cook (P51452), a partner in the law firm of Williams, Hughes & Cook, and Susan M. Franklin (P66047) an attorney in the law firm, removed the case to the Muskegon County Court, and persuaded Muskegon County Judge Harold F. Closz III, to believe that the plaintiff's case was a tax avoidance scheme. The judge was infuriated. He bragged in open court that he threw the plaintiff's memorandum of law in the trash without reading it, and granted Defendant Lisa Swanson, the Treasurer of the Village of Lakewood Club, a **JUDGMENT** lien of $3,310. The plaintiff sued Harold F. Closz in this district court, The village attorneys representing Harold Closz never claimed collateral estoppel (aka, issue preclusion) a common law doctrine that prevents a party to a lawsuit from re-litigating an issue once it has been decided in a previous case, because the **JUDGMENT** that Harold Closz entered, because of the lying words of Shon Anne Cook and Susan M. Franklin, was that the plaintiff's lawsuit was a tax avoidance scheme. In 2013 (Clarence Otworth v. Wander Budnik, et al., 1:13-cv-00129-JTN-ESC) the villages attorneys also told district judge Ellen S. Carmody the same nonsense that the plaintiff's lawsuit was a tax avoidance Scheme.

## POSTURE (PSYCHOLOGY) – WIKIPEDIA

"Posture as information about the current state of a person's emotions and attitudes should be analyzed in the context of other messages, both verbal and nonverbal as well as that person's cultural and social norms."

On March 12, 2013, having been convinced that the plaintiff's lawsuit was a tax avoidance scheme by the Village of Lakewood Club's attorneys, Ellen S. Carmody said this: "Upon review of the current posture of this case (Clarence Otworth v. Wander Budnik, et al., 1:13-cv-00129-JTN-ESC) the motion and response, Defendants' motion to quash Plaintiff's Request for Admission and for Protective Order Staying Discovery

is **GRANTED**. However, what Ellen S. Carmod **actually said**, without the double talk, is this: "Upon review of the **CURRENT PSYCHOLOGY of this case,** the motion and response, Plaintiff's requests are premature." Ellen S. Carmody proved that she believed the lies of the village attorneys to be true by dismissing the plaintiff's lawsuit, without discovery for his alleged failure to state a claim upon which relief may be granted. The **JUDGMENT** entered was that the plaintiff's lawsuit was a **tax avoidance scheme**. **THE ISSUE OF WHETHER OR NOT THE VILLAGE OF LAKEWOOD CLUB IS INCORPORATED WAS <u>NOT LITIGATED</u>** but **THE DEFENDANTS ATTORNEYS REFUSE TO ADMIT IT!** Ellen S. Carmody said "Plaintiff's Discovery Requests are <u>**Premature**</u>." As if she knew more than JAMES W.H. McCORD who wrote A BOOK ABOUT LITIGATION, AND EXPLAINED in detail WHY A REQUEST FOR ADMISSION WAS ALLOWED TO BE SERVED EARLY BY **<u>BOTH</u> <u>PARTIES</u>**. Ellen S. Carmody failed to provide any evidence that she was right and JAMES W.H. McCORD was wrong. She produced no evidence that the right of the parties to serve a request for admission early was abolished. The plaintiff filed a lawsuit against the Southern Pacific Railroad in Los Angeles and there was no dispute about his right to serve a request for admission with the summons and complaint. He filed a lawsuit against a law firm in Clearwater, Florida and there was no dispute about his filling a request for admission with the summons and complaint. He also filed a lawsuit against the Florida Bar Association and there was no dispute about his filing a request for admission with the summons and complaint. Michigan is the only State that the plaintiff knows of that doesn't believe the parties have the right to serve a request for admission early. Ellen S. Carmody is not only a Magistrate judge she is an amateur **PSYCHOLOGISTS**. Ellen S. Carmody should not have been allowed to practice her **psychology** on Clarence Otworth and Wanda Budnuk, or any parties that file motions and responses. The plaintiff didn't ask her to **psychoanalyze** him. He asked her to review the law and state it. Unfortunately for the plaintiff she didn't have a clue! Being both stupid and corrupt she believed the absurd nonsense of Wanda Budnik's attorney that plaintiff's lawsuit was a tax avoidance scheme. Lawyers that need to lie to win their cases are not practicing law they are practicing skullduggery. This district court

should have called the WHITE COATS instead of allowing Ellen S. Carmody to practice psychology on the parties when they file motions and responses. The Village attorneys also convinced Sixth Circuit Judges Martha Craig "Cissy" DAUGHTREY, Karen Nelson MOORE, and Eric CLAY that the plaintiff lawsuit in Clarence Otworth v. Wander Budnik, et al., 1:13-cv-00129-JTN-ESC) was a tax avoidance schemes.

If the plaintiff wanted to avoid paying taxes – why did he immediately send Tony Moulatsiotis, the Muskegon County Treasure, a check for $850.47? The plaintiff couldn't understand why Moulatsiotis waited 12 years to send him a bill for property taxes, but he didn't try to avoid paying it. However, when Moulatsiotis sent him a receipt for the payment he realized that Moulatsiotis had lied to him. Moulatsiotis was not collecting a **delinquent Muskegon County property tax**, he was **collecting the unlawful debts** of Dalton Township and the Village of Lakewood Club, and the collection of unlawful debts is violation of the RICO ACT, **even without a pattern of racketeering activity**. Moulatsiotis refusal to refund the extorted $850.47 is grand larceny, conspiracy to defraud, premediated fraud, false billing, extortion, and mail fraud.

Any first year law student knows that the **OPINION** of a District Court, a Court of Appeals, and the U.S. Supreme Court is not a final judgment. The **OPINION** of the District Court and the Sixth Circuit in Otworth v. Budnik was that the plaintiff's lawsuit was a tax avoidance scheme. The **JUDGMENT** of the District Court and the Sixth Circuit in Otworth v. Budnik was that the plaintiff failed to state a claim upon which relief may be granted. The Circuit Court **AFFIRMED** the District Court's **judgment** granted defendants motion to dismiss. The issue of whether or not Dalton Township and the Village of Lakewood Club are incorporated was **NOT LITIGATED**!

The **OPINION** of the Sixth Circuit that "case law indicates that, regardless of any alleged irregularities in Lakewood Club's initial incorporation, Otworth cannot now challenge its existence, because the community's residents and the State of Michigan have acquiesced in its existence for decades, See, e.g., Stuart v. Sch. Dist. No.1 of Vill. of Kalamazoo, 30 Mich. 69, 72-73 (1874) describing doctrine of acquiescence and noting that "[i]f every municipality must be subject to be called into court at any time to defend its original organization and its franchise at the will of any dissatisfied citizen who may feel disposed

to question them ....it may very justly be said that few of our municipalities can be entirely certain of the ground they stand upon, and that any single person, however honestly incline, if disposed to be litigious, or over technical and precise, may have it in his power in many cases to cause infinite trouble, embarrassment, and mischief. Otworth has never rebutted these points. The district court did not, in sum, err in granting The Defendants' motion to dismiss."

Otworth has never rebutted these points for two reasons. He fully agrees with these points, and because he was deprived of Discovery in every case that he filed.

**YES IT DID err!**   The plaintiff complained of a **CRIME**, being committed by Dalton Township and the Village of Lakewood Club, not an insignificant technically about their alleged incorporation. He said these two unincorporated organizations were/are pretending to be Michigan Municipalities so they can enact zoning ordinances, levy and collect property taxes, receive a share of Michigan's tax revenue, and provide themselves with a lucrative income. He said these two criminal enterprises are swindling approximately 174,000 residents of Muskegon County, and the reason they have not protested about be swindled for 52-years is because they do not know that they are being swindled, The reason they do not know they are being swindled is because the corrupt and bias judges in this alleged court refuses to allow Clarence Otworth Discovery so he can prove that they are being swindled. And the reason why these corrupt and bias judges in this alleged court refuses to allow Otworth to have Discovery is because the lawyers that represent them and the politicians that are supposed to put them out of business are just as guilty of racketeering as Dalton Township and the Village of Lakewood Club!

Allan C. Vander Laan (P33893), CMDA, is extremely angry at Clarence Otworth for exposing him as a liar and wants his puppet Raymond Kent to impose a $5,000 sanction against him. Clarence Otworth is extremely angry at Allan C. Vander Laan for wasting his time and money by repeatedly filing pleading full of lying quotes that he claims Clarence Otworth said. He refuses to claim Clarence Otworth made any of his lying quotes under oath so Clarence Otworth request the court to impose a $10,000 sanction against Allan C. Vander Laan.

October 5, 2019.


*[signature]*

Clarence Otworth
187 East Daniels Road
Twin Lake, MI 49457
(231) 292-1205

## VERIFICATION

I, Clarence Otworth, declare under penalty of perjury that I have read the above, and that the matters stated therein are true to the best of my knowledge, information, and belief.

## CERTIFICATE OF SERVICE

I, Clarence Otworth, state that I served the above by mailing a copy to Michigan's Department of Attorney General, at P.O. Box 30754, 525 West Ottawa Street, Lansing, MI 48909-8254, attorneys for Dana Nessel, Samantha Reasner, and Gretchen Whitmer.

And I mailed a copy to Plunkett Cooney, at 333 Bridge Street, NW, Ste. 530, Grand Rapids, MI 49504, Attorneys for Village of Lakewood Club and Lisa Swanson.

And I mailed a copy to CMDA, at 2851 Charlevoix Drive, SE, Ste.327, Grand Rapids, MI 49546, Attorneys for Muskegon County, Tony Moulatsiotis, and Cheryl Moss.

And I mailed a copy to Mika Meyers, at 900 Monroe Avenue, NW, Grand Rapids, MI, 49503, Attorneys for Dalton Township, Tammy Stephenson, and Jessica Kidder, on October 5, 2019.


CLARENCE OTWORTH
187 EAST DANIELS ROAD
TWIN LAKE, MI 49457
FRANK J. BURNS KILLED RFK



CLERK OF THE COURT
UNITED STATES DISTRICT COURT
399 FEDERAL BUILDING
110 MICHIGAN STREET, NW
GRAND RAPIDS, MI 49450



CLARENCE OTWORTH
187 EAST DANIELS ROAD
TWIN LAKED, MI 49457
SECRET SERVICE KILLED JFK