UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CLARENCE OTWORTH,                                  ) | |
|                     Plaintiff,          ) | |
|                                                     ) | No. 1:19-cv-621 |
| -v-                                                 ) | |
|                                                     ) | Honorable Paul L. Maloney |
| TONY MOULATSIOTIS, *et al.*,                        ) | |
|                     Defendants.    ) | |
|                                                     ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

In his amended complaint (ECF No. 15), Clarence Otworth alleges the eleven named defendants in this lawsuit violated the Racketeer Influenced and Corrupt Organizations Act (RICO). The underlying premise of his claim is that the Village of Lakewood Club and Dalton Township were not properly incorporated under Michigan law. Otworth reasons that the two municipalities function as criminal organizations by unlawfully enacting zoning ordinances and imposing property taxes. The other defendants are alleged to have participated in the illegal scheme.

Currently pending are seventeen dispositive motions. Defendants filed five dispositive motions. Otworth filed separate motions for summary judgment against each of ten defendants and two motions for summary judgment against defendant Moulatsiotis. The magistrate judge issued a report and recommendation. (ECF No. 104.) The magistrate judge recommends granting Defendants' motions to dismiss and dismissing the federal claims. The magistrate judge recommends this Court decline to exercise supplemental jurisdiction over the state law claims. Finally, the magistrate judge recommends denying all twelve of the

motions for summary judgment filed by Otworth. Otworth filed an objection. (ECF No. 109.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (unpublished order). General objections and reassertions of the same arguments already addressed by the magistrate do not focus the district court's attention

> on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Otworth's objection is not sufficiently specific to warrant de novo review. The relevant portion of the document filed as an objection states, in total, "I, Clarence Otworth, declare under penalty of perjury that my Motion for Summary Judgment is true and correct."

(PageID.1074.) The objection is not even a general assertion of his disagreement with the findings and recommendations of the magistrate judge.

Accordingly, the Court **ADOPTS** the report and recommendation (ECF No. 104) as the Opinion of this Court.

1. The motion to dismiss filed by Moss, Moulatsiotis and Muskegon County (ECF No. 19) is **GRANTED**.

2. The motion to dismiss filed by Nessel, Reasner, and Whitmer (ECF No. 29) is **GRANTED**.

3. The amended motion to dismiss filed by Dalton Township, Kidder and Stephenson (ECF No. 30) is **GRANTED**.

4. The motion to dismiss filed by the Village of Lakewood Club and Swanson (ECF No. 33) is **GRANTED** for all claims except for the state law claims against Swanson for embezzling and mishandling Village funds.

5. The motion for summary judgment filed by Dalton Township, Kidder, Moss and Stephenson (ECF No. 79) is **DENIED WITHOUT PREJUDICE**.

6. Otworth's motions for summary judgment (ECF Nos. 37, 39, 43-52) are **DENIED**.

7. Otworth's state law claims against Swanson are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1367 because the Court declines to exercise supplemental jurisdiction.

**IT IS SO ORDERED.**

Date: February 27, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge